# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

United States Courts
Southern District of Texas
FILED
*March 09, 2020*
David J. Bradley, Clerk of Court

No. 17-20808

4:16-cv-3467

United States Court of Appeals
Fifth Circuit
**FILED**
February 14, 2020
Lyle W. Cayce
Clerk

JEFF FALUDI,

        Plaintiff – Appellant / Cross-Appellee,

v.

U.S. SHALE SOLUTIONS, L.L.C.,

        Defendant – Appellee / Cross-Appellant.

---

Appeals from the United States District Court
for the Southern District of Texas

---

Before HIGGINBOTHAM, ELROD, and HO, Circuit Judges.

JENNIFER WALKER ELROD, Circuit Judge:

    We WITHDRAW the court's prior opinion of August 21, 2019, and substitute the following opinion.

    Appellant Jeff Faludi, a former practicing attorney, took a consulting job at an oil and gas services company. When Faludi left the company, he filed this lawsuit under the Fair Labor Standards Act (FLSA), seeking to recover unpaid overtime wages. Because Faludi is an independent contractor, though, the FLSA does not apply. We therefore AFFIRM the district court's summary judgment in favor of his former employer, albeit on a different ground. However, because the district court did not state its reasons for declining to

No. 17-20808

award costs to the prevailing party, we VACATE the award of costs and REMAND that issue to the district court.

I.

Jeff Faludi became a licensed lawyer in 1998, and he practiced law for sixteen years until he allowed his license to lapse. Around the same time, one of his former colleagues offered him a consulting position at a newly-formed oil and gas services company, U.S. Shale Solutions, L.L.C. Faludi accepted the position, and the parties signed an "Independent Contractor Master Consulting Services Agreement" in November 2014.

Under the agreement, Faludi agreed to work for U.S. Shale for "an indefinite period of time" at a rate of $1,000 per day for every day he worked in Houston and $1,350 per day for every day he worked outside of Houston. The agreement required Faludi to submit invoices to U.S. Shale for payment twice a month. The agreement also contained a non-compete clause prohibiting Faludi from working for U.S. Shale's competitors while the agreement was in effect and for one year after its termination.

During the approximately sixteen months that Faludi worked for U.S. Shale, he submitted invoices to U.S. Shale once or twice a month. Although his day rate applied regardless of how many hours he worked, he often billed U.S. Shale for less than the day rate when he did not work a full day. Faludi testified that he did this voluntarily, and U.S. Shale paid the requested amounts without asking why Faludi had billed for less than his day rate. Even with these prorated invoices, Faludi was paid at least $1,000 for every week in which he performed work for U.S. Shale, and his annual compensation was approximately $260,000.

Faludi provided his own phone and computer, but U.S. Shale reimbursed him for those purchases, along with any work-related travel expenses. Faludi independently made investments in his continuing education and home office

2

No. 17-20808

equipment, however. U.S. Shale also furnished Faludi with an office, though it did not expect him to be there during a set period of time each day. Still, Faludi usually worked in the office five days a week and testified that it would be unusual if he were absent. U.S. Shale permitted Faludi to choose his assignments, and he worked on a variety of matters while at the company, including performing legal analyses of contracts and settlement negotiations.

Faludi left U.S. Shale in March 2016 after an internal reorganization. Shortly thereafter, he filed this lawsuit against the company for unpaid overtime wages he claimed he was owed under the FLSA. U.S. Shale sought summary judgment in the district court, arguing that Faludi was an independent contractor and thus not subject to the FLSA, or alternatively that he was an exempt employee under either the "practice of law" exemption or the "highly compensated employee" exemption to the FLSA. Faludi also sought a partial summary judgment on the ground that he was an employee under the FLSA and did not fall under any exemption.

The district court determined that genuine issues of material fact existed as to whether Faludi was an employee or an independent contractor and whether he fell within the FLSA's practice of law exemption. However, the district court granted U.S. Shale's summary judgment motion because it determined that Faludi was exempt as a matter of law under the highly compensated employee exemption to the FLSA. Although U.S. Shale was the prevailing party, the district court did not award U.S. Shale costs, nor did it explain why it declined to do so. Faludi appeals the adverse summary judgment, and U.S. Shale cross-appeals on the issue of costs.

II.

We review a district court's grant of summary judgment de novo. *Johnson v. Heckmann Water Res. (CVR), Inc.*, 758 F.3d 627, 630 (5th Cir. 2014). Where the parties filed cross-motions for summary judgment, "we review each

3

party's motion independently, viewing the evidence and inferences in the light most favorable to the nonmoving party." *Parrish v. Premier Directional Drilling, L.P.*, 917 F.3d 369, 380 (5th Cir. 2019) (quoting *Duval v. N. Assurance Co. of Am.*, 722 F.3d 300, 303 (5th Cir. 2013)). Summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). We review a district court's award of costs for an abuse of discretion. *Gagnon v. United Technisource, Inc.*, 607 F.3d 1036, 1045 (5th Cir. 2010).

### III.

Under the FLSA, an employer must pay overtime compensation to its non-exempt employees who work more than forty hours a week. *Cleveland v. City of Elmendorf*, 388 F.3d 522, 526 (5th Cir. 2004). In contrast, independent contractors are not entitled to overtime under the FLSA. *See* 29 U.S.C. § 207(a)(1) ("[N]o employer shall employ any of his *employees* . . . for a workweek longer than forty hours unless such *employee* receives [overtime] compensation[.]" (emphasis added)); *Parrish*, 917 F.3d at 379 (explaining that to make a *prima facie* case for unpaid overtime, a plaintiff must prove, *inter alia*, that "there existed an employer-employee relationship during the unpaid overtime periods claimed"). In addition, the FLSA describes various types of exempt employees who are excluded from the overtime requirement. *See* 29 U.S.C. §§ 207, 213. Relevant here, "the FLSA excludes from this requirement those employees working in a bona fide executive, administrative or professional capacity." *Lott v. Howard Wilson Chrysler-Plymouth, Inc.*, 203 F.3d 326, 331 (5th Cir. 2000) (citing 29 U.S.C. § 213(a)(1)).

Faludi argues on appeal that he was an employee and that no FLSA exemption applied to him, so U.S. Shale was required to pay him overtime under the statute. U.S. Shale counters that Faludi was either an independent

contractor or, in the alternative, an exempt employee under the highly compensated employee and practice of law exemptions to the FLSA—both of which are regulatory expansions on the "bona fide executive, administrative, or professional" exemption in 29 U.S.C. § 213(a)(1). *See* 29 C.F.R. § 541.601 (highly compensated employee exemption); 29 C.F.R. § 541.304(a)(1) (practice of law exemption). We address the highly compensated employee exemption first, as the district court granted summary judgment on that basis.

A.

"[T]he ultimate decision whether [an] employee is exempt from the FLSA's overtime compensation provisions is a question of law." *Lott*, 203 F.3d at 331. The employer has the burden of establishing that an exemption applies by a preponderance of the evidence. *Meza v. Intelligent Mexican Mktg., Inc.*, 720 F.3d 577, 581 (5th Cir. 2013). Under the Supreme Court's decision in *Encino Motorcars*, we must give FLSA exemptions a "fair reading" rather than narrowly construing them against the employer. *Encino Motorcars, LLC v. Navarro*, 138 S. Ct. 1134, 1142 (2018); *see also Carley v. Crest Pumping Techs., L.L.C.*, 890 F.3d 575, 579 (5th Cir. 2018).

Under the version of the highly compensated employee exemption in effect when Faludi worked for U.S. Shale, an employee is exempt from the FLSA's overtime requirements if (1) he receives "total annual compensation of at least $100,000"; and (2) he "customarily and regularly performs any one or more of the exempt duties or responsibilities of an executive, administrative or professional employee[.]" Highly Compensated Employees, 69 Fed. Reg. 22,122, 22,269 (April 23, 2004) (current version at 29 C.F.R. § 541.601(a)). The employee also "must be compensated on a salary basis at a rate of not less than $455 per week[.]" 29 C.F.R. § 541.600(a). The parties agree that Faludi received at least $100,000 in annual compensation and that he performed the duties of an executive, administrative, or professional employee under the

No. 17-20808

regulation. Thus, the only remaining issue is whether Faludi was compensated on a "salary basis." In relevant part, the regulations provide the following with regard to the salary basis requirement:

> An employee will be considered to be paid on a "salary basis" within the meaning of these regulations if the employee regularly receives each pay period on a weekly, or less frequent basis, a predetermined amount constituting all or part of the employee's compensation, which amount is not subject to reduction because of variations in the quality or quantity of the work performed. . . . [A]n exempt employee must receive the full salary for any week in which the employee performs any work without regard to the number of days or hours worked. Exempt employees need not be paid for any workweek in which they perform no work.

29 C.F.R. § 541.602(a).

The district court concluded that even though Faludi reduced his own compensation, he was still guaranteed $1,000 per day if he showed up for work and performed the agreed-upon services. *Faludi v. U.S. Shale Sols. LLC*, No. H-16-3467, 2017 WL 5969261, at *10 (S.D. Tex. Nov. 30, 2017). That satisfies the minimum guaranteed amount required to be paid on a salary basis. *Id.*

On appeal, Faludi contends that his day rate of $1,000 (or $1,350 for work outside of Houston) did not satisfy the salary basis requirement because it was not calculated "on a weekly, or less frequent basis." 29 C.F.R. § 541.602(a). U.S. Shale responds that Faludi was nonetheless compensated on a salary basis because his day rate guaranteed him $1,000 for every day that he worked, so he would receive more than the minimum of $455 per week for any week in which he performed work. In other words, Faludi's $1,000 day rate plainly constituted "a rate of not less than $455 per week" under 29 C.F.R. § 541.600(a): If Faludi worked for even one hour in a given week, he was guaranteed $1,000, which exceeds the regulatory minimum of $455.

6

No. 17-20808

Faludi also suggests that the requirements in 29 C.F.R. § 541.604(b) prevented him from qualifying as a highly compensated employee. That regulation stipulates:

> An exempt employee's earnings may be computed on an hourly, a daily or a shift basis, without losing the exemption or violating the salary basis requirement, if the employment arrangement also includes a guarantee of at least the minimum weekly required amount paid on a salary basis regardless of the number of hours, days or shifts worked, and a reasonable relationship exists between the guaranteed amount and the amount actually earned. The reasonable relationship test will be met if the weekly guarantee is roughly equivalent to the employee's usual earnings at the assigned hourly, daily or shift rate for the employee's normal scheduled workweek.

29 C.F.R. § 541.604(b). Faludi points out that no reasonable relationship existed between his $1,000 day rate and the amount he actually earned each week, which was often four or five times his day rate. According to U.S. Shale, though, Faludi's argument once again misses the mark: Whether his compensation satisfied the reasonable relationship test is irrelevant because 29 C.F.R. § 541.604(b) does not apply to employees who meet the requirements of the highly compensated employee exemption set out in 29 C.F.R. §§ 541.600, 541.601, and 541.602. *Litz v. Saint Consulting Grp., Inc.*, 772 F.3d 1, 5 (1st Cir. 2014) (seeing "no reason" why the requirements of section 541.604 "should be grafted onto the materially different exemption" contained in sections 541.601 and 541.602(a)); *Anani v. CVS RX Servs., Inc.*, 730 F.3d 146, 149 (2d Cir. 2013) ("We perceive no cogent reason why the requirements of C.F.R. § 541.604 must be met by an employee meeting the requirements of C.F.R. § 541.601."); *cf. Hughes v. Gulf Interstate Field Servs., Inc.*, 878 F.3d 183, 189–91 (2017) (potentially disagreeing with *Litz* and *Anani*, but declining to explicitly hold that section 541.604(b) does apply to the highly-compensated-employee exemption). Because Faludi met these requirements—specifically,

7

No. 17-20808

because his $1,000 day rate guaranteed him at least $455 per week and he regularly received that predetermined amount on a weekly or less frequent basis—U.S. Shale argues that he was exempt from the FLSA's overtime requirements as a highly compensated employee.

Although we think U.S. Shale's arguments are well-taken as to why Faludi fits within the highly compensated employee exemption to the FLSA, we need not reach that issue given that Faludi is an independent contractor not covered by the FLSA's requirements. For that reason, we also need not determine whether he would fit within the practice of law exemption.

B.

The district court, after considering the evidence on Faludi's independent contractor status, concluded that genuine issues of material fact remained. We must determine whether a material fact issue actually exists.

"To determine if a worker qualifies as an employee, we focus on whether, as a matter of economic reality, the worker is economically dependent upon the alleged employer or is instead in business for himself." *Hopkins v. Cornerstone Am.*, 545 F.3d 338, 343 (5th Cir. 2008). To assist in the inquiry, we consider five non-exhaustive factors: (1) the degree of control exercised by the alleged employer; (2) the extent of the relative investments of the worker and the alleged employer; (3) the degree to which the worker's opportunity for profit or loss is determined by the alleged employer; (4) the skill and initiative required in performing the job; (5) and the permanency of the relationship. *Id.* No single factor is determinative, and the ultimate determination of whether an individual is an employee within the meaning of the FLSA is a question of law. *Brock v. Mr. W Fireworks, Inc.*, 814 F.2d 1042, 1043–45 (5th Cir. 1987).

U.S. Shale argues that it did not exercise a large degree of control over Faludi because he worked independently and managed his own workload and schedule. He was not expected to be at the office during a set period of time

8

each day, and he did not receive performance evaluations or an access card. Regarding the second factor, Faludi made investments in his business by providing his own phone and computer, paying his own continuing education expenses, and purchasing home office equipment. Faludi also controlled his opportunity for profit and loss because he could choose to accept any project, as illustrated by an email from U.S. Shale's CFO to Faludi that lists tasks and states, "[i]f you accept these missions let me know." As to Faludi's skill and initiative, U.S. Shale contends that it gave him specific projects—like analyzing contracts or evaluating litigation exposure—precisely because of Faludi's legal education and experience. Finally, U.S. Shale maintains that its relationship with Faludi lacked permanency because he worked for the company for roughly sixteen months and could leave whenever he wanted so long as he provided fifteen days' notice.

Faludi counters that U.S. Shale controlled his schedule and that he worked at the company's office every day. U.S. Shale also reimbursed him for his computer, cell phone, and work-related travel. Faludi also argues that even if he controlled his opportunity for profit, he had no opportunity to *lose* money. Finally, Faludi emphasizes that he worked exclusively for U.S. Shale during his tenure there, with no other source of income, and that a non-compete clause prohibited him from working for the company's competitors.

Where the district court saw a fact issue on this evidence, we see none. A fact issue does not exist simply because facts point in both directions. *See Hickey v. Arkla Indus., Inc.*, 699 F.2d 748, 752 (5th Cir. 1983). And the mere existence of a non-compete clause does not automatically negate independent contractor status. *Cf. Talbert v. Am. Risk Ins. Co.*, 405 F. App'x 848, 856 (5th Cir. 2010) (upholding the district court's independent contractor determination despite the presence of a confidentiality agreement that the plaintiff claims would have effectively precluded her from working for competing companies).

No. 17-20808

We hold that on the undisputed facts, the factors weigh in favor of independent contractor; thus, the FLSA does not apply to Faludi. We therefore affirm the district court's grant of summary judgment in favor of U.S. Shale, though for a different reason. *See United States v. Batamula*, 823 F.3d 237, 240 (5th Cir. 2016) (en banc) ("[This court] may affirm for any reason supported by the record, even if not relied on by the district court.").

IV.

We next turn to the question of whether the district court erred in declining to award U.S. Shale costs as the prevailing party. U.S. Shale contends that it was entitled to costs under Federal Rule of Civil Procedure 54(d) because "[t]he FLSA does not preclude an award of costs to a prevailing defendant." As a result, U.S. Shale urges us to reverse and remand with an instruction to the district court to award U.S. Shale costs on remand. Faludi concedes that we must reverse and remand on the costs issue, but he asks us to remand for the district court to consider *whether* U.S. Shale is entitled to costs, and if the district court again declines to award costs to U.S. Shale, to explain its reasons for doing so. We agree with Faludi.

Rule 54(d) provides that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." Fed. R. Civ. P. 54(d). Under the FLSA, "[t]he court . . . shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, *and costs of the action.*" 29 U.S.C. § 216(b) (emphasis added). As U.S. Shale observes and Faludi concedes, this provision in the FLSA does not preclude an award of costs to a prevailing defendant. And we have explained that "a court 'may neither deny nor reduce a prevailing party's request for cost[s] without first articulating some good reason for doing so.'" *Pacheco v. Mineta*, 448 F.3d 783, 794 (5th Cir. 2006) (quoting *Schwarz v. Folloder*, 767 F.2d 125, 131 (5th Cir. 1985)). While

10

No. 17-20808

the district court's decision not to award costs to U.S. Shale may have been well-reasoned, its final judgment does not reveal that reasoning. Accordingly, we must vacate the award of costs and remand the issue to the district court. On remand, the district court should award U.S. Shale its costs or, in the alternative, provide its reasons for declining to do so. *See id.* at 795 ("[W]e vacate the award of costs and remand for a re-determination of whether (or to what extent) costs should be awarded to the prevailing party and, if not, the reasons for that denial.").

V.

Although the district court concluded that Faludi was not entitled to overtime compensation under the FLSA because he was exempt as a highly compensated employee, we do not reach that issue because we conclude that Faludi is an independent contractor not subject to the FLSA's requirements. We therefore AFFIRM summary judgment in favor of U.S. Shale. We VACATE the district court's award of costs and REMAND that issue, directing the district court to either award costs to U.S. Shale or state its reasons for declining to do so.

No. 17-20808

JAMES C. HO, Circuit Judge, concurring in the judgment:

Under a proper reading of the relevant regulations, Jeff Faludi is not exempt from the overtime requirements of the Fair Labor Standards Act as a highly compensated employee. *See Faludi v. U.S. Shale Sols., L.L.C.*, 936 F.3d 215, 221 (Aug. 21, 2019) (Ho, J., dissenting). Accordingly, as I previously explained, Faludi's entitlement to overtime pay should turn not on whether he is a highly compensated employee, but on whether he is an independent contractor. *Id.* at 223.

The majority reaches the same conclusion today, correctly noting that "we need not reach" the issue of whether Faludi "fits within the highly compensated employee exemption to the FLSA . . . given that Faludi is an independent contractor not covered by the FLSA's requirements." In doing so, the majority expressly leaves it to a future panel to decide whether an employee like Faludi does or does not qualify as a highly compensated employee under the relevant regulations.

For those reasons, I am pleased to concur in the judgment.