United States District Court
Southern District of Texas

**ENTERED**

April 28, 2020

David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JEFF FALUDI, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-16-3467 |
| | § | |
| U.S. SHALE SOLUTIONS, LLC, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

On November 30, 2017, the court granted defendant U.S. Shale Solutions, LLC ("U.S. Shale" or "Defendant")'s Motion for Summary Judgment against plaintiff Jeff Faludi's claim asserted under the Fair Labor Standards Act.[1] In accordance with that opinion, the court entered a final judgment dismissing the action with prejudice, and the court ordered each party to be responsible for its own costs.[2] The United States Court of Appeals for the Fifth Circuit vacated the order on costs and remanded the action on March 9, 2020, ordering the court "to either award costs to U.S. Shale or state its reasons for declining to do so."[3] U.S. Shale filed a Bill of Costs (Docket Entry No. 46) on March 24, 2020. Faludi filed his Plaintiff's Objection to Defendant's Bill of Costs

---

[1] Memorandum Opinion and Order, Docket Entry No. 34, p. 34.

[2] Final Judgment, Docket Entry No. 35.

[3] Docket Entry No. 44, p. 11.

("Plaintiff's Objection") (Docket Entry No. 47) on April 7, 2020. On April 14, 2020, U.S. Shale replied and submitted an Amended Bill of Costs.[4] For the reasons explained below, Plaintiff's Objection will be sustained in part and overruled in part.

## I.  Standard of Review

Federal Rule of Civil Procedure 54(d)(1) states that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs — other than attorney's fees — should be allowed to the prevailing party." There is a "'strong presumption'" in favor of awarding costs. Energy Management Corp. v. City of Shreveport, 467 F.3d 471, 483 (5th Cir. 2006). "Notwithstanding this presumption, the word 'should' makes clear that the decision whether to award costs ultimately lies within the sound discretion of the district court." Marx v. General Revenue Corp., 133 S. Ct. 1166, 1172 (2013). Nevertheless, "if the court does not award costs to the prevailing party, [the Fifth Circuit] require[s] the district court to state its reasons." Energy Management Corp., 467 F.3d at 483. The court may only tax as "costs" those expenses listed in 28 U.S.C. § 1920:

> (1)  Fees of the clerk and marshal;
>
> (2)  Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;

---

[4]Defendant's Reply in Support of Its Motion for Costs ("Defendant's Reply"), Docket Entry No. 48; Amended Bill of Costs, Exhibit B to Defendant's Reply, Docket Entry No. 48-2. The Amended Bill of Costs corrected a clerical error.

(3)   Fees and disbursements for printing and witnesses;

(4)   Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;

(5)   Docket fees under section 1923 of this title;

(6)   Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

Allowable costs are limited to these categories, and expenses that are not authorized by statute or contract must be borne by the party incurring them. Crawford Fitting Co. v. J.T. Gibbons, Inc., 107 S. Ct. 2494, 2497-98 (1987).

If the party being taxed has not specifically objected to a cost, the presumption is that the costs being sought were necessarily incurred for use in the case and will be taxed. See Embotelladora Agral Regiomontana, S.A. de C.V. v. Sharp Capital, Inc., 952 F. Supp. 415, 417 (N.D. Tex. 1997) ("[I]n the absence of a specific objection, deposition costs will be taxed as having been necessarily obtained for use in the case."). However, once an objection has been raised, the party seeking costs bears the burden of verifying that the costs were necessarily incurred in the case rather than just spent in preparation and litigation of the case. Jerry v. Fluor Corp., Civil Action No. H-10-1505, 2012 WL 4664423, at *2 (S.D. Tex. Oct. 2, 2012) (citing Fogleman v. ARAMCO, 920 F.2d 278, 286 (5th Cir. 1991)).

## II.  Analysis

U.S. Shale seeks $8,846.64 in total costs.[5]  Faludi requests the court to exercise its discretion and decline to award costs. Faludi also objects to U.S. Shale's Bill of Costs, arguing that the costs of producing deposition transcripts and videotaped depositions were not necessary for the case.[6]

### A.  The Court Will Award Costs

"Rule 54(d)(1) contains a strong presumption that the prevailing party will be awarded costs." Pacheco v. Mineta, 448 F.3d 783, 793 (5th Cir. 2006).  "Denial of costs [is] 'in the nature of a penalty.'"  Id. (quoting Schwarz v. Folloder, 676 F.2d 125, 131 (5th Cir. 1985)).  The court may but is "not required to excuse a losing party from paying costs only if he brought suit in good faith and can demonstrate" a factor justifying relief. Wade v. Peterson, 416 F. App'x 354, 356 (5th Cir. 2011).

Faludi argues the court should not award costs because the action was brought in good faith and presented a "difficult and close legal issue."[7] See Pacheco, 488 F.3d at 794.  But the court is not persuaded that departure from the presumption that the prevailing party should be awarded costs is warranted.  The court

_____

[5]Amended Bill of Costs, Exhibit B to Defendant's Reply, Docket Entry No. 48-2, p. 2; Bill of Costs, Docket Entry No. 46, p. 3.

[6]Plaintiff's Objection to Defendant's Bill of Costs ("Plaintiff's Objection"), Docket Entry No. 47, p. 1.

[7]Id. at 5.

-4-

will award U.S. Shale its costs, subject to the court's rulings on Faludi's objections explained below.

## B.   Objections to the Bill of Costs

U.S. Shale seeks $8,376.80 in deposition costs necessarily obtained for use in the case.[8] "Whether a deposition or copy was necessarily obtained for use in the case is a factual determination to be made by the district court." Fogleman, 920 F.2d at 285-86. Actual use of a deposition in the case or in a pretrial proceeding satisfies the statutory requirement that it be necessary. Baisden v. I'm Ready Productions, Inc., 793 F. Supp. 2d 970, 976 (S.D. Tex. 2011). But even if not used, a deposition may satisfy the requirement "[i]f, at the time it was taken, a deposition could reasonably be expected to be used for trial preparation, rather than merely for discovery." Fogleman, 920 F.2d at 285.

U.S. Shale seeks costs for the depositions of Faludi and four of its former officers:   Jerrit M. Coward, Stephen L. Douglas, Patrick C. Schneider, and R.M. "Mike" Stophlet.[9]   It also seeks costs for video recordings of the Coward and Douglas depositions and obtaining records from third parties.[10]   Faludi objects that

---

[8]Amended Bill of Costs, Exhibit B to Defendant's Reply, Docket Entry No. 48-2, p. 2; Invoices, attachments 1-3 to Exhibit B (Bill of Costs), Docket Entry No. 46-2, pp. 4-18.

[9]Invoices, attachment 1 to Exhibit B (Bill of Costs), Docket Entry No. 46-2, pp. 4-9.

[10]Id. attachments 2-3, pp. 10-18.

U.S. Shale has not shown that the costs for the deposition transcripts or video recordings were necessarily incurred for the case. Faludi also states that the costs of third-party records should be categorized as deposition, but otherwise does not object to them.[11]

### 1.   Necessity of the Depositions

Faludi objects that the depositions were not reasonably necessary because they were not used in U.S. Shale's MSJ and the deponents were not listed as trial witnesses.[12] But U.S. Shale must only show a nexus between the depositions and the litigation as a whole.   Ihsan v. Weatherford U.S., L.P., Civil Action No. H-17-2546, 2019 WL 3935975, at *7 (S.D. Tex. Aug. 20, 2019).

Faludi's Motion for Partial Summary Judgment cited affidavits from Schneider, Douglas, Stophlet, and himself.[13]   The fact that Faludi relied on these witness statements to support his motion shows that U.S. Shale needed to depose them to prepare its defense for trial.   Faludi's deposition states that Jerrit Coward, U.S. Shale's CEO at the time, handled the conversations with Faludi that set forth the terms, pay, and duties of Faludi's relationship with U.S. Shale.[14]   Coward was also one of the officers Faludi reported

---

[11]Plaintiff's Objection, Docket Entry No. 47, p. 6 n.1.

[12]Id. at 6-7.

[13]Plaintiff's Motion for Partial Summary Judgment ("Plaintiff's Partial MSJ"), Docket Entry No. 19, p. 3 n.1.

[14]E.g., Declaration of Jeffrey E. ("Jeff") Faludi, Jr., Exhibit A to Plaintiff's Partial MSJ, Docket Entry No. 19-1, p. 1 ¶¶ 2-3.

to.[15]  It was therefore reasonable to expect that these depositions
would be needed for trial preparation.  That U.S. Shale ultimately
prevailed without needing to cite the depositions in its motion for
summary judgment or to call the witnesses at trial does not alter
this conclusion.  See Fogleman, 920 F.2d at 285.  The court
therefore **DENIES** Faludi's objection to the deposition costs.

2.  Video Depositions

Faludi objects to Defendant's request for costs incurred to
obtain videos of Coward and Douglas's depositions.[16]  Faludi argues
there must be a separate showing that a video deposition was
necessary in addition to the written transcripts.[17]  This court has,
however, recognized that costs incurred for videotaped depositions
are properly taxable.  See Baisden, 793 F. Supp. 2d at 976-77.
U.S. Shale explains that video depositions of Coward and Douglas
were necessary because of uncertainty as to whether they would be
available to testify at trial and because there would be a likely
credibility issue as to their testimony.[18]  This suffices to
establish that the video depositions were necessary.  See id. at
977.  Accordingly, the court **DENIES** Plaintiff's objection to the
video depositions.

---

[15]Id. at 1 ¶ 6.

[16]Plaintiff's Objection, Docket Entry No. 47, p. 9.

[17]Id.

[18]Defendant's Reply, Docket Entry No. 48, pp. 4-5.

Faludi also objects to the inclusion of invoices for $1,725 in "Post-Production Video Services" as to the video depositions of Coward, Douglas, and Faludi.[19]   These invoices are separate from those for "Original Video Services for the Deposition."[20]   Faludi argues that the court should deny these costs because video-editing services are not recoverable costs under § 1920.   <u>See Alonzo-Miranda v. Schlumberger Technology Corp.</u>, Civ. Action No. 5:13-1057, 2015 WL 3651830, at *8 (W.D. Tex. June 11, 2015) (holding that video-editing services are not recoverable costs).   U.S. Shale does not respond to this objection.   Given this silence and that the burden is on U.S. Shale to demonstrate that these costs are necessary, the court **SUSTAINS** Faludi's objection as to the invoices for post-production video services.

3.   <u>Summary</u>

For the reasons explained above, the court concludes that the $8,846.64 that U.S. Shale seeks for costs should be reduced by the $1,725 sought for post-production video services.   The remainder of Faludi's objections lack merit.   Accordingly, the amount U.S. Shale is entitled to receive as taxable costs is $7,121.64.

---

[19]Plaintiff's Objection, Docket Entry No. 47, p. 9; <u>see</u> Invoices, attachment 2 to Exhibit B (Bill of Costs), Docket Entry No. 46-2, pp. 11, 13, 15.

[20] Invoices, attachment 2 to Exhibit B (Bill of Costs), Docket Entry No. 46-2, pp. 12, 14.

### III.  Conclusion and Order

For the reasons explained above, Plaintiff's Objection to Defendant's Bill of Costs (Docket Entry No. 47) is **SUSTAINED IN PART** and **OVERRULED IN PART**.

Defendants are entitled to recover costs of $7,121.64 for fees for printed or electronically recorded transcripts necessarily obtained for use in the case.  Jeff Faludi is **ORDERED** to pay this amount to U.S. Shale Solutions, LLC.

**SIGNED** at Houston, Texas, on this 28th day of April, 2020.

_____
SIM LAKE
SENIOR UNITED STATES DISTRICT JUDGE